IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**UNITED STATES OF AMERICA**

v.                                        Criminal No. 7:17-CR-00056

**MONTA ORLANDO JORDAN**

### AMENDED MOTION TO SUPPRESS AND REQUEST FOR FRANKS HEARING

COMES NOW the Defendant, Monta Orlando Jordan, by his counsel, and herein moves this Honorable Court to SUPPRESS any and all evidence or statements gathered by law enforcement as a result of the issuance of the Title III Application made by the Government in this matter including, but not limited to any information directly gathered as a result of the tapping of the Defendant's phone and any information that was indirectly gathered as a result of the tapping of the Defendant's phone in accordance with the doctrine of the "fruit of the poisonous tree" and in support thereof states as follows:

1.   That on or about June 28, 2017, the Government applied for and provided an Affidavit in support of a Title III Application for the application of a "wire-tap" on the Defendant's phone. This Application was granted by an Order entered by Judge Conrad on June 28, 2017.

2.   That the Affidavit in support of the Title III Application is deficient as a matter of law and that the information provided in said Affidavit is otherwise insufficient to support the granting of such an Order by this Court.

1

3.  Specifically, the Affidavit relies very heavily on information provided by four (4) sources of information (SOI's) as well as a single "confidential source" (CS) but the Defendant asserts that the information provided in the Affidavit as having been made by said individuals is either deliberately altered/modified or, alternatively deliberately omits information in such a manner so as to create the appearance of probable cause where none actually existed.

4.  That SOI #1 (believed to be Aimee Ray) claimed to have received narcotics directly from the Defendant, however, the Defendant asserts that in a statement that was made after the wire-tap was issued, Ray was clear that she did not receive narcotics from the Defendant, but from her friend "Cassie" and that she "believed" that the source of the narcotics was the Defendant. The Defendant believes that the assertion that Ray would "purchase up to 10 grams of heroin and at least 14 grams of methamphetamine" from the Defendant between June and December 2016 was either altered or completely fabricated by the party providing such information to the Affiant.

5.  That the Defendant also believes that SOI #1 was involved in an inappropriate relationship with law enforcement official(s) during the relevant time frame which was deliberately omitted from the Affidavit so that the veracity of the statements allegedly made by SOI #1 would not be questioned by the Court reviewing the Affidavit.

6.  That SOI #2 (believed to be Chelsea Fry) claimed to have received narcotics from the Defendant on multiple occasions, however, said SOI was unable to actually obtain any narcotics from the Defendant. The Defendant asserts that the fact that Fry was unable to obtain narcotics from the Defendant despite attempts to do so was deliberately withheld from the Affidavit so as not to discredit the statements allegedly made to law enforcement by Fry. The Defendant asserts that the fact that Fry was completely unable to purchase narcotics from the

Defendant despite making multiple definitive assertions to the contrary demonstrates that her statements were fabricated and unreliable. Therefore, the Defendant believes that the deliberate omission of such information in the Affidavit constituted an attempt to mislead the District Court into issuing the Title III application without the requisite evidence.

7. That SOI #3 (believed to by Heather Jones) claimed to have received narcotics from the Defendant on multiple occasions, however, said SOI was unable to actually obtain any narcotics from the Defendant. The Defendant asserts that the fact that Jones was unable to obtain narcotics from the Defendant despite attempts to do so was deliberately withheld from the Affidavit so as not to discredit the statements allegedly made to law enforcement by Jones. The Defendant asserts that the fact that Jones was completely unable to purchase narcotics from the Defendant despite making multiple definitive assertions to the contrary demonstrates that her statements were fabricated and unreliable. Therefore, the Defendant believes that the deliberate omission of such information in the Affidavit constituted an attempt to mislead the District Court into issuing the Title III application without the requisite evidence.

8. That SOI #4 (believed to be Whitney Wills) was originally arrested in 2016 and the Defendant asserts that at the time of her arrest, she did not provide any information to law enforcement about the Defendant. Wills was released to "cooperate" with law enforcement and upon information and belief she failed and refused to actually cooperate. The Defendant believes that this information was deliberately withheld from the Affidavit so as not to taint her later "statements" which were of value to law enforcement. Further, when Wills was picked up again in 2017, she then made several statements suddenly implicating the Defendant and was again released to help law enforcement apprehend the Defendant. Wills once again failed and/or refused to obtain narcotics from the Defendant and such information was not included in

the Affidavit so that her statements implicating the Defendant would not be compromised. The Defendant asserts that the fact that Jones was completely unable to purchase narcotics from the Defendant despite making multiple definitive assertions to the contrary demonstrates that her statements were fabricated and unreliable.

9. Further, the Defendant believes that Wills was engaged in an inappropriate relationship with law enforcement personnel at certain times during the course of the investigation and that such information was deliberately omitted from the Affidavit so that the veracity of Wills' statements about the Defendant would not be questioned.

10. That the CS described in the Affidavit is described as having made purchases from Seth Adams and there is virtually no actual evidence regarding where Adams obtained his narcotics. The fact that no statements were made to the CS regarding the source of the narcotics was deliberately omitted from the Affidavit leaving the information provided by the CS unreliable and unsubstantiated. In essence, the information provided by the CS in the Affidavit is useless as applicable to the Defendant.

11. The Defendant argues that the remaining information that was included in the Affidavit for the Title III Application is wholly insufficient to support the issuance of a "wire-tap" on his phone throughout the course of this case. Specifically, none of the text messages that were referred to in paragraphs 32-43 of the Affidavit actually included any information relating to narcotics trafficking and that the Affiant merely provided his personal and biased opinion as to what each text message was referring to. The Defendant asserts that there is no actual language used within the body of any of the intercepted text messages which is clearly and unequivocally referring to narcotics trafficking and that the Affiant was simply interpreting

the messages in the way that was most beneficial to him and to his obtaining the Title III wire-tap.

12. In summation, the Defendant assert that the information provided in the Title III Application Affidavit was (i) deliberately altered, modified and/or fabricated so as to provide the Court with the appearance that the Defendant was engaged in narcotics trafficking and/or (ii) deliberately lacking in crucial information that would have clearly established for the Court that the SOI's and the information that they provided was completely unreliable.

13. That the Defendant believes that many of the issues and concerns (particularly those concerning the SOI's, their lack of reliability and the inappropriate relationships that they were having with certain members of law enforcement during the course of this investigation) will be more thoroughly explained when several of the SOI's are called to testify as a part of his "Motion for Early Disclosure" which was filed around the same time as this Motion to Suppress.

14. The Defendant asserts that the "wire-tap" that was issued as a result of the incorrect and unreliable information contained therein ultimately resulted in the intercept of phone conversations and messages which then led (i) to the discovery of the "drop house" where packages were being delivered, (ii) the interception of a package that was supposed to be delivered to the aforementioned "drop house", (iii) the surveillance of the Defendant in the time leading up to his arrival and departure from such house and (iv) the arrest of the Defendant on August 10, 2017. But for the issuance of the Title III Order, none of these things would have been discovered by law enforcement or would have occurred.

15. The Defendant asserts that all of the aforementioned information and, specifically, any and all information that was obtained by law enforcement following the

issuance of the Title III Order was obtained unlawfully as a result of the deficient and largely misleading Affidavit submitted to the Court for its consideration.

16. The Defendant asserts that any and all information obtained by law enforcement following the issuance of and use of the Title III Order is illegally obtained and cannot be used as it qualifies as tainted evidence under the "fruit of the poisonous tree" doctrine.

**WHEREFORE**, your Defendant herein requests that this Honorable Court (i) to schedule a "Franks" hearing to be held on February 5, 2020 for the purpose of establishing that the Title III Application was either falsified or deliberately misleading and that law enforcement withheld crucial information from the Affidavit which would have demonstrated to the Judge who granted the Title III Application that the information contained therein was not reliable; (ii) to thereafter SUPPRESS any and all information, statements, and physical evidence collected by law enforcement after the issuance of the Title III Order on July 12, 2017 including, but not limited to all information which was collected on August 10, 2017 and which led to the arrest of the Defendant; (iii) to forbid the use of any such information at his trial and (iv) for any and all such other and further relief that the Court may deem appropriate.

    Monta Orlando Jordan

    By Counsel

    /s/Louis Kirk Nagy
    VSB #48605
    Law Office of Louis K. Nagy, PLC
    590 East Market Street
    Harrisonburg, Virginia 22801
    (t) (540) 705-0021
    (f) (540) 208-1690
    lnagy@nagylawva.com
    Counsel for the Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

                                                                         /s/ Louis Kirk Nagy